IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

```
JAMEEL KAREEM FAVORS,           :
                                :
          Plaintiff,            :
                                :
v.                              :   Civ. Act. No. 04-161-JJF
                                :
DEPARTMENT OF CORRECTIONS,      :
Delaware Correctional Center,   :
and STANLEY TAYLOR,             :
Commissioner of Prisons,        :
                                :
          Defendants.           :
```
---

Jameel Kareem Favors, Pro Se Plaintiff.

---

**MEMORANDUM OPINION**

August 31, 2005
Wilmington, Delaware

**Farnan, District Judge**

The plaintiff, Jameel Kareem Favors, a pro se litigant, has filed this action pursuant to 42 U.S.C. § 1983 and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. For the reasons discussed, Mr. Favors' motion to proceed in forma pauperis will be granted. Mr. Favors' Complaint will be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) to the extent that he raises claims against the Department of Corrections and Stanley Taylor, the Commissioner of Prisons.

I.   **PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS**

When reviewing pauper applications, the Court must make two separate determinations. First, the Court must determine whether Mr. Favor is eligible for pauper status pursuant to 28 U.S.C. § 1915. Second, the Court must "screen" the complaint to determine whether it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief pursuant to 28 U.S.C. § 1915(e)(2)(B).

When determining whether a plaintiff is entitled to proceed in forma pauperis, the Court begins by looking at the plaintiff's affidavit requesting pauper status. If the plaintiff lacks sufficient assets with which to pay the filing fee, the Court may grant the plaintiff's request.

Here, there is no question that Mr. Favors has a limited

income. In his affidavit, Mr. Favors states that he receives no income other than gifts from his family. Based on these economic circumstances, the Court will grant Mr. Favors' motion for leave to proceed in forma pauperis. Having concluded that Mr. Favors is entitled to proceed in forma pauperis under Section 1915(a), the Court will "screen" Mr. Favors' Complaint under Section 1915(e)(2)(B).

**II.   FACTUAL BACKGROUND**

By his Complaint, Mr. Favors alleges that Defendants have violated his constitutional rights by incarcerating him longer than the length of his sentence. (D.I. 2 at 3.) Specifically, Mr. Favors alleges that he was sentenced in April 1996 to ten years in prison, but that it was understood that the nineteen months Mr. Favors was incarcerated before sentencing would be considered time served. (Id.) Mr. Favors names the Department of Corrections ("DOC") and Stanley Taylor as Defendants in his Complaint. (Id. at 1.) Mr. Favors requests compensatory damages for each day he is improperly detained and punitive damages for mental and emotional distress. (Id. at 4.)

**III. DISCUSSION**

A.   Standard of Review For Dismissal

The Supreme Court has authorized the sua sponte dismissal of an in forma pauperis complaint which is frivolous, malicious or fails to state a claim under Section 1915(e)(2)(B). Neitzke v.

3

Williams, 490 U.S. 319, 325 (1989). When reviewing complaints under this Section, the Court must apply the standard of review set forth in Fed. R. Civ. P. 12(b)(6). See Neal v. Pennsylvania Bd. of Prob. & Parole, No. 96-7923, 1997 WL 338838, *1 (E.D. Pa. June 19, 1997)(applying Rule 12(b)(6) standard as appropriate standard for dismissing claims under § 1915A). Accordingly, the Court must "accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(citing Holder v. City of Allentown, 987 F.2d 188, 194 (3d Cir. 1993)). Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim when "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines v. Kerner, 404 U.S. 519, 521 (1972)(quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

  B. Whether Mr. Favors' Claim Against The State Is Barred By Sovereign and Eleventh Amendment Immunity

  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a "violation of a right secured by the Constitution and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988) (citations omitted). The Supreme Court has held that neither a State nor its officials acting in their official

capacities are "persons" within the meaning of Section 1983. <u>Will v. Michigan Dept. of State Police</u>, 491 U.S. 58, 71 (1989). Further, a state agency or other entity may be considered an "alter ego" or "arm of the state" such that it is entitled to immunity under the Eleventh Amendment. <u>Christy v. Pa. Turnpike Comm'n</u>, 54 F.3d 1140, 1144 (3d Cir. 1995). Numerous cases in this district have recognized that the DOC is an arm of the State of Delaware and not a "person" subject to liability under Section 1983. <u>See</u> <u>Arnold v. Minner</u>, 2005 WL 1501514, *4 (D. Del. June 24, 2005) (citations omitted). Because the DOC is entitled to immunity pursuant to the Eleventh Amendment, the Court concludes Mr. Favors' claim against DOC is frivolous. Accordingly, the Court will dismiss the claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B)-1915A(b)(1).

    B.   <u>Whether Mr. Favors' Claim Based On Vicarious Liability Against Mr. Taylor Is Frivolous</u>

Mr. Favor has not raised any specific allegations against Defendant Stanley Taylor. Rather, Mr. Favors merely lists Mr. Taylor in the caption and notes his duty title in the Complaint. (D.I. 2 at 3.) Thus, it appears to the Court that Mr. Favors' claim against Mr. Taylor rests solely on a theory of vicarious or supervisory liability.

Supervisory liability cannot be imposed under § 1983 on a respondeat superior theory. <u>See</u> <u>Monell v. Dep't. of Soc. Servs.</u>, 436 U.S. 658 (1978); <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976). In

5

order for a supervisory public official to be held liable for a subordinate's constitutional tort, the official must either be the "moving force [behind] the constitutional violation" or exhibit "deliberate indifference to the plight of the person deprived." Sample v. Diecks, 885 F.2d 1099, 1118 (3d Cir. 1989)(citing City of Canton v. Harris, 489 U.S. 378, 389 (1989)).

Reviewing Mr. Favors' allegations in the light most favorable to him and in the context of the applicable law, the Court concludes that Mr. Favor has not alleged that Mr. Taylor was the "driving force [behind]" Mr. Favors' alleged unconstitutional detention, or that Mr. Taylor was aware of Mr. Favors' allegations and remained "deliberately indifferent" to his plight. Sample v. Diecks, 885 F.2d at 1118. Accordingly, the Court concludes that Mr. Favors' claim against Mr. Taylor has no arguable basis in law or in fact. Because the Court concludes that Mr. Favors' claim against Mr. Taylor is frivolous, the Court will dismiss his claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B)-1915A(b).

### IV. CONCLUSION

In sum, the Court concludes that Mr. Favors' claims against the DOC and Mr. Taylor are factually and legally frivolous, and therefore, the Court will dismiss Mr. Favors' claims against these Defendants.

An appropriate Order will be entered.