IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

JAMEEL KAREEM FAVORS,           :
                                :
          Plaintiff,            :
                                :
v.                              :   Civ. Act. No. 04-161-JJF
                                :
DEPARTMENT OF CORRECTIONS,      :
Delaware Correctional Center,   :
and STANLEY TAYLOR,             :
Commissioner of Prisons,        :
                                :
          Defendants.           :

_____

Jameel Kareem Favors, Pro Se Plaintiff.

_____

**MEMORANDUM OPINION**

August 31, 2005
Wilmington, Delaware

Farnan, District Judge

     The plaintiff, Jameel Kareem Favors, a pro se litigant, has

filed this action pursuant to 42 U.S.C. § 1983 and requested

leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

For the reasons discussed, Mr. Favors' motion to proceed in forma

pauperis will be granted.  Mr. Favors' Complaint will be

dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) to

the extent that he raises claims against the Department of

Corrections and Stanley Taylor, the Commissioner of Prisons.

**I.    PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS**

     When reviewing pauper applications, the Court must make two

separate determinations.  First, the Court must determine whether

Mr. Favor is eligible for pauper status pursuant to 28 U.S.C. §

1915.  Second, the Court must "screen" the complaint to determine

whether it is frivolous, malicious, fails to state a claim upon

which relief may be granted, or seeks monetary relief from a

defendant immune from such relief pursuant to 28 U.S.C. §

1915(e)(2)(B).

     When determining whether a plaintiff is entitled to proceed

in forma pauperis, the Court begins by looking at the plaintiff's

affidavit requesting pauper status.  If the plaintiff lacks

sufficient assets with which to pay the filing fee, the Court may

grant the plaintiff's request.

     Here, there is no question that Mr. Favors has a limited

2

income.  In his affidavit, Mr. Favors states that he receives no
income other than gifts from his family.  Based on these economic
circumstances, the Court will grant Mr. Favors' motion for leave
to proceed in forma pauperis.  Having concluded that Mr. Favors
is entitled to proceed in forma pauperis under Section 1915(a),
the Court will "screen" Mr. Favors' Complaint under Section
1915(e)(2)(B).

**II.   FACTUAL BACKGROUND**

    By his Complaint, Mr. Favors alleges that Defendants have
violated his constitutional rights by incarcerating him longer
than the length of his sentence. (D.I. 2 at 3.)  Specifically,
Mr. Favors alleges that he was sentenced in April 1996 to ten
years in prison, but that it was understood that the nineteen
months Mr. Favors was incarcerated before sentencing would be
considered time served.  (Id.)  Mr. Favors names the Department
of Corrections ("DOC") and Stanley Taylor as Defendants in his
Complaint.  (Id. at 1.)  Mr. Favors requests compensatory damages
for each day he is improperly detained and punitive damages for
mental and emotional distress.  (Id. at 4.)

**III. DISCUSSION**

    A.   Standard of Review For Dismissal

    The Supreme Court has authorized the sua sponte dismissal of
an in forma pauperis complaint which is frivolous, malicious or
fails to state a claim under Section 1915(e)(2)(B).  Neitzke v.

<u>Williams</u>, 490 U.S. 319, 325 (1989).  When reviewing complaints
under this Section, the Court must apply the standard of review
set forth in Fed. R. Civ. P. 12(b)(6).  <u>See</u> <u>Neal v. Pennsylvania</u>
<u>Bd. of Prob. & Parole</u>, No. 96-7923, 1997 WL 338838, *1 (E.D. Pa.
June 19, 1997)(applying Rule 12(b)(6) standard as appropriate
standard for dismissing claims under § 1915A).  Accordingly, the
Court must "accept as true the factual allegations in the
complaint and all reasonable inferences that can be drawn
therefrom."  <u>Nami v. Fauver</u>, 82 F.3d 63, 65 (3d Cir. 1996)(citing
<u>Holder v. City of Allentown</u>, 987 F.2d 188, 194 (3d Cir. 1993)).
<u>Pro</u> <u>se</u> complaints are held to "less stringent standards than
formal pleadings drafted by lawyers" and can only be dismissed
for failure to state a claim when "it appears 'beyond doubt that
the plaintiff can prove no set of facts in support of his claim
which would entitle him to relief.'"  <u>Haines v. Kerner</u>, 404 U.S.
519, 521 (1972)(quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46
(1957)).

    B.   <u>Whether Mr. Favors' Claim Against The State Is</u>
        <u>Barred By Sovereign and Eleventh Amendment Immunity</u>

To state a claim under 42 U.S.C. § 1983, a plaintiff must
allege a "violation of a right secured by the Constitution and
must show that the alleged deprivation was committed by a person
acting under color of state law."  <u>West v. Atkins</u>, 487 U.S. 42,
48 (1988) (citations omitted).  The Supreme Court has held that
neither a State nor its officials acting in their official

4

capacities are "persons" within the meaning of Section 1983.
Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989).
Further, a state agency or other entity may be considered an
"alter ego" or "arm of the state" such that it is entitled to
immunity under the Eleventh Amendment.  Christy v. Pa. Turnpike
Comm'n, 54 F.3d 1140, 1144 (3d Cir. 1995).  Numerous cases in
this district have recognized that the DOC is an arm of the State
of Delaware and not a "person" subject to liability under Section
1983.  See Arnold v. Minner, 2005 WL 1501514, *4 (D. Del. June
24, 2005) (citations omitted).  Because the DOC is entitled to
immunity pursuant to the Eleventh Amendment, the Court concludes
Mr. Favors' claim against DOC is frivolous.  Accordingly, the
Court will dismiss the claim pursuant to 28 U.S.C. §§
1915(e)(2)(B)-1915A(b)(1).

    B.   Whether Mr. Favors' Claim Based On Vicarious
       Liability Against Mr. Taylor Is Frivolous

Mr. Favor has not raised any specific allegations against
Defendant Stanley Taylor.  Rather, Mr. Favors merely lists Mr.
Taylor in the caption and notes his duty title in the Complaint.
(D.I. 2 at 3.)  Thus, it appears to the Court that Mr. Favors'
claim against Mr. Taylor rests solely on a theory of vicarious or
supervisory liability.

Supervisory liability cannot be imposed under § 1983 on a
respondeat superior theory.  See Monell v. Dep't. of Soc. Servs.,
436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  In

order for a supervisory public official to be held liable for a subordinate's constitutional tort, the official must either be the "moving force [behind] the constitutional violation" or exhibit "deliberate indifference to the plight of the person deprived." Sample v. Diecks, 885 F.2d 1099, 1118 (3d Cir. 1989)(citing City of Canton v. Harris, 489 U.S. 378, 389 (1989)).

Reviewing Mr. Favors' allegations in the light most favorable to him and in the context of the applicable law, the Court concludes that Mr. Favor has not alleged that Mr. Taylor was the "driving force [behind]" Mr. Favors' alleged unconstitutional detention, or that Mr. Taylor was aware of Mr. Favors' allegations and remained "deliberately indifferent" to his plight. Sample v. Diecks, 885 F.2d at 1118. Accordingly, the Court concludes that Mr. Favors' claim against Mr. Taylor has no arguable basis in law or in fact. Because the Court concludes that Mr. Favors' claim against Mr. Taylor is frivolous, the Court will dismiss his claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B)-1915A(b).

### IV. CONCLUSION

In sum, the Court concludes that Mr. Favors' claims against the DOC and Mr. Taylor are factually and legally frivolous, and therefore, the Court will dismiss Mr. Favors' claims against these Defendants.

An appropriate Order will be entered.